

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2008

# USA v. Colbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Colbert" (2008). *2008 Decisions*. Paper 1002.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1002

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1764

_____

UNITED STATES OF AMERICA

v.

TROY J. COLBERT,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00003-1J)
District Judge: Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

Opinion filed : June 19, 2008

_____

OPINION

_____

AMBRO, Circuit Judge

Troy J. Colbert pled guilty in 2000 to two counts of theft and one count of burglary,

receiving a sentence of 33 months' imprisonment and three years' supervised release.

After his release from federal prison, he experienced problems stemming from drug and alcohol abuse. In 2006 he served time in the Cambria County, Pennsylvania, prison for the state-law crimes of disorderly conduct, public drunkenness, and criminal mischief. He later stipulated to six violations of the terms of his federal supervised release, including: (1) possession of a controlled substance, (2) failure to participate in a drug treatment program, (3) failure to report to his probation officer, (4) commission of another state criminal offense, (5) failure to notify his probation officer of his arrest, and (6) failure to pay restitution. The United States District Court for the Western District of Pennsylvania adopted a Magistrate Judge's report and recommendation concerning these violations and imposed a sentence of 18 months' imprisonment. Colbert now appeals his sentence, and we affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review a sentence imposed upon a revocation of supervised release for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 261–62 (2005)). Because Colbert's violations of state law were punishable by a prison term of one year or less, the District Court found that Colbert had committed a Grade C violation of his supervised release under U.S.S.G. § 7B1.1(a)(3). Given Colbert's criminal history category of VI, this yielded a federal Sentencing Guidelines range of 8 to 14 months at step one of our sentencing framework under *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). But the District Court also found that Colbert's supervised-release

2

violations were "associated with a high risk of new felonious conduct," meaning that "an upward departure [in the Sentencing Guidelines range] may be warranted." U.S.S.G. § 7B1.4, appl. n. 3. As a result, it imposed—at *Gunter*'s step two—an upward departure of four months from the top of the Guidelines range, ultimately resulting in a final sentence of 18 months. *See generally* 462 F.3d at 247 (describing step two of the sentencing process).

On appeal, Colbert argues that the District Court erred for two reasons. First, he cites the example given in the application note on which the District Court relied, which states that "a defendant, under supervision for conviction of criminal sexual abuse, violates the condition that he not associate with children by loitering near a schoolyard." *Id.* He contends that his behavior on supervised release does not fit this example because he neither violated an "unusual" condition specific to his release nor suggested that he would again engage in the specific offenses of burglary and theft (for which he received his initial federal sentence in 2000). This argument fails because the application note does not limit its reach to violations of "unusual" conditions of supervised release. Its example is meant only to be suggestive. The District Court reasonably found that Colbert's failure to complete a required drug rehabilitation program in 2006 demonstrates a high likelihood of recidivism.

Second, Colbert argues that his sentence was unreasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a). His main contention in this regard is that the

3

District Court failed to give him credit for partial satisfaction of some of the terms of his supervised release. For instance, he completed a 14-day inpatient drug treatment program before failing to complete a subsequent, more intensive program. He also paid some, though not all, of the restitution he owed. The Magistrate Judge's report, which the District Court adopted, does mention some of these potentially mitigating factors. But it also discussed the nature of Colbert's violations of his supervised release, *see id.* § 3553(a)(1); the need for his sentence to serve the various goals of criminal law, *see id.* § 3553(a)(2); the sentences available, *see id.* § 3553(a)(3); and the federal Sentencing Guidelines range, *see id.* § 3553(a)(4). Thus, the report addressed the "relevant [§ 3553(a)] factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006); *see also id.* (a district court need not list every § 3553(a) factor "if the record makes clear the court took the factors into account in sentencing").

We thus hold that Colbert's sentence, reflecting a four-month upward departure in calculating the Sentencing Guidelines range that serves as an advisory factor for the actual sentence, was reasonable in this context and thus affirm.

4